# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES CONSTANTINE GEKAS,** | ) | |
| **M.D., F.A.A.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-cv-00009** |
| | ) | **Chief Judge Crenshaw** |
| **HCA HEALTH SERVICES OF** | ) | |
| **TENNESSEE, INC., d/b/a TRISTAR** | ) | |
| **CENTENNIAL MEDICAL CENTER,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

After Dr. James Gekas lost his privileges to admit patients to TriStar Centennial Medical Center ("TriStar"), he filed a 55-page *pro se* Complaint against TriStar and its owner/operator, HCA Health Services of Tennessee, Inc. ("HCA"), asserting a number of federal and state law causes of action. Properly characterizing the Complaint as a "document that ranges freely over various situations that occurred over the course of [Dr. Gekas's] professional association with [Defendants]" (Doc. No. 27 at 2), the Magistrate Judge recommends that the federal claims be dismissed, and that this Court not exercise supplemental jurisdiction over the state law claims. Having undertaken a *de novo* review of the record in accordance with Rule 72(b) of the Federal Rules of Civil Procedure, and notwithstanding the Objection (Doc. No. 28) filed by Dr. Gekas, the Court will accept and adopt the Magistrate Judge's Report and Recommendation ("R & R") (Doc. No. 27).

The R & R cites Logan v. HCA, Inc., No. 3:05-00006, 2005 WL 3240624 (M.D. Tenn. Nov. 30, 2005) and Carter v. Bluecross Blueshield of Tenn., Inc., No. 1:05-cv-304, 2006 LEXIS 24899 (E.D. Tenn. April 24, 2006) for the proposition that the Health Care Quality Improvement Act

("HCQIA"), 42 U.S.C. § 11101, *et seq*., does not create a private cause of action. Dr. Gekas insists that the "HCQIA does in fact allow a private cause of action" and points to the "authoritative references" set forth in "the brilliant book by Gregory Piche" that "presents 10 cased [sic] that were filed in different Federal and State courts" in which "the immunity was denied by judges and juries and damages were awarded." (Doc. No. 28 at 3). He also asserts that the HCQIA when originally presented to Congress provided absolute immunity, but was changed prior to passage to allow only qualified immunity. Dr. Gekas further relies on Clark v. Columbia/HCA Info. Servs., Inc., 25 P.3d 215, 220 (Nev. 2001) for the proposition that courts will not idly stand by when a peer review board acts arbitrarily or capriciously under the HCQIA.

There is a marked difference between a statute that grants absolute or qualified immunity to suit, and a statute that allows for a private cause of action. The former presupposes that there exists a viable cause of action and provides a potential defense to the suit. The latter permits maintenance of the suit in the first instance.

So far as the court can tell, the circuit courts of appeal are uniform in holding that the HCQIA does not provide for a private cause of action. See Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1083 (11th Cir. 2005); Singh v. Blue Cross/Blue Shield of Massachusetts, Inc., 308 F.3d 25, 45 (1st Cir. 2002); Wayne v. Genesis Med. Ctr., 140 F.3d 1145, 1148 (8th Cir.1998); Hancock v. Blue Cross–Blue Shield of Kan., Inc., 21 F.3d 373, 374–75 (10th Cir.1994). The district courts within the Sixth Circuit that have decided the issue are in accord with this prevailing, if not unanimous, view. See Brintley v. St. Mary Mercy Hosp., 904 F. Supp. 2d 699, 741 (E.D. Mich. 2012); Golio v. Adena Health Sys., No. 2:11-CV-00757, 2012 WL 1409535, at *5 (S.D. Ohio Apr. 23, 2012); Badri v. Huron Hosp., 691 F. Supp. 2d 744, 769 (N.D. Ohio 2010); Carter, 2006 WL

1129390, at *4; <u>Logan</u>,, 2005 WL 3240624; <u>Azmat v. Shalala</u>, No. CIV.A. 3:99CV-487-S, 2000 WL 33975223, at *2 (W.D. Ky. June 7, 2000).

<u>Clark</u>, on which Dr. Gekas relies, is not to the contrary.  The question there was whether the plaintiff-physician "had alleged conduct that is actionable under our [Nevada] state laws[,]" 25 P.3d at 221, not whether there was a federal cause of action under the HCQIA for a physician who was challenging the decision of a hospital peer review committee.

As for the recommended dismissal of his constitutional claims, Dr. Gekas argues that HCA is subject to "the governmental power of continuing oversite [sic]" in its provision of healthcare and, as such, is "intertwined" with the government so as to make it a state actor.  (Doc. No. 28 at 5).  He also contends that the Thirteenth Amendment does not require that the defendant be a state actor because "it imposes liability on private persons in a variety of conduct criminally punishable and civilly remediable."  (<u>Id.</u> at 3).

Even though "[t]he Thirteenth Amendment, unlike the Fourteenth, in and of itself reaches purely private conduct," <u>United States v. Nelson</u>, 277 F.3d 164, 175 (2d Cir. 2002), the Thirteenth Amendment was enacted to eliminate "the 'badges and incidents' of slavery," <u>Campbell v. Robb</u>, 162 F. App'x 460, 474 (6th Cir. 2006).  In relevant part, it provides:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. Const. amend XIII, cl. 1.

By its terms, the Thirteenth Amendment provides individuals with the right to be free from involuntary servitude and slavery.  It certainly does not encompass a doctor's claim that his privileges were revoked after he was wrongfully accused of harassment and other improper conduct.

See Lagayan v. Odeh, 199 F. Supp. 3d 21, 31 (D.D.C. 2016) (observing that a Thirteenth Amendment claim must be "motivated by some class-based, invidiously discriminatory animus); Stallworth v. New York, No. 16CV03059PAEBCM, 2017 WL 4355897, at *15 (S.D.N.Y. July 27, 2017) (noting that "to state a claim under the Thirteenth Amendment, a plaintiff must demonstrate he has been subjected to 'compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results,'" and that such a claim will not lie where an employee "is free to walk away from any job he or she finds unsatisfactory"); Williams v. City of Austin, No. 1:16-CV-1338-RP, 2017 WL 2963513, at *9 (W.D. Tex. July 11, 2017) ( stating that the "Thirteenth Amendment does not establish an independent cause of action for employment discrimination").

Dr. Gekas's argument that state action exists for purposes of his other constitutional claims also fails. The fact that TriStar and HCA are licensed and extensively regulated by the state, and a large part of their revenues are derived from government sources, including Medicare and Medicaid, is insufficient to show state action. Sarin v. Samaritan Health Ctr., 813 F.2d 755, 759 (6th Cir. 1987); Crowder v. Conlan, 740 F.2d 447 (6th Cir. 1984); Cottman v. Carespring, Inc., No. 1:17-CV-170, 2017 WL 4574830, at *2 (S.D. Ohio Oct. 13, 2017); Talwar v. Catholic Healthcare Partners, No. 3:05 CV 7437, 2006 WL 3526792, at *2 (N.D. Ohio Dec. 6, 2006). Nor does the fact that Defendants may rely on the immunity provided by the HCQIA supply the necessary state action. Wong v. Dep't of Health & Human Servs., No. 2:10-CV-00249-KJD, 2011 WL 769973, at *5 (D. Nev. Feb. 26, 2011); Logan, 2005 WL 3240624, at *4; Freilich v. Bd. of Dir. of Upper Chesapeake Health, Inc., 142 F. Supp. 2d 679, 691 (D. Md. 2001).

In the absence of a viable federal claim, the Magistrate Judge did not err in recommending

dismissal of Dr. Gekas's state law claim pursuant to 28 U.S.C. § 1367(c)(3). While Dr. Gekas argues that he did not forum shop and that he is prepared to conduct depositions, there is a "strong presumption in favor of declining to exercise jurisdiction over supplemental state-law claims after dismissing federal anchor claims[.]" Martinez v. City of Cleveland, 700 F. App'x 521, 523 (6th Cir. 2017). Retention of state law claims may be appropriate where the case has been pending for a long time, discovery has been completed, the record is voluminous, a court has spent significant time on the litigation, and there are pending motions for summary judgment, Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 211 (6th Cir. 2004), but that is not the situation here. This case is relatively new, discovery has been stayed pending a ruling on the Motion to Dismiss, and the only real time the Court has invested in the matter is in deciding whether to grant or deny that Motion.

Finally, Dr. Gekas complains that the recommended dismissal of this case "violates virtually every fundamental right of this democracy," particularly given that he is "a citizen with a 55-page document of numerous false, illegal, [and] unsupported acts against him[.]" (Doc. No. 28 at 8). Dr. Gekas also asserts that he "clearly ha[s] the right to ask for a new interpretation of any previous legal decisions" because "the law is not stagnant and is actually revisited many times throughout the year[.]" (Id. at 5).

Indeed, the law does evolve, but it does so when there is a reason for change; otherwise, a legal system based on precedent provides stability and predictability to our society. Dr. Gekas presents no cogent arguments that would permit this Court to deviate from the settled legal principles that (1) the HCQIA does not provide for a private of action, (2) the Thirteenth Amendment does not encompass routine non-racial claims of alleged mistreatment, (3) a private hospital is not a state actor merely because it receive public funds and is highly regulated, and (4)

state law claims are generally best addressed by state courts. As for the size of the Complaint, what matters is substance, not volume.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Doc. No. 27) is **ACCEPTED** and **ADOPTED**;

(2) Defendants' Motion to Dismiss (Doc. No. 18) is **GRANTED** insofar as it seek dismissal of Dr. Gekas's federal claims, and those claims are hereby **DISMISSED WITH PREJUDICE**; and

(3) the Court **DECLINES** to exercise supplemental jurisdiction over Dr. Gekas's state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court shall enter a final judgment in aaccordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE